UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELAINE GREENWOOD, | |
| Plaintiff, | 23-CV-10516 (LTS) |
| -against- | PARTIAL TRANSFER ORDER AND ORDER TO AMEND |
| AMERICAN KENNEL CLUB, *et al.*, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Columbus, North Carolina, brings this *pro se* action alleging that Defendants violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), which provides individuals with a civil private right of action. *See* 18 U.S.C. § 1595. By order dated May 23, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP").

For the following reasons, the Court transfers all claims asserted in the complaint to the United States District Court for the Middle District of North Carolina. The Court also grants Plaintiff 60 days' leave to file an amended complaint, as set forth in this order.

## BACKGROUND

Plaintiff Elaine Greenwood brings this action against the American Kennel Club ("AKC") and individuals associated with the AKC. Specifically, Plaintiff claims that a now-deceased AKC associate, Steven Daniel Gladstone, sexually assaulted her at an AKC event in New York City in 1995, raped her at a New York City hotel in 1995, and then continued to sexually assault her in Carthage, North Carolina from 2005 until his death in 2017. Plaintiff contends that as of "February 25, 2015, the AKC became directly involved in aiding, abetting and facilitating Gladstone's sex crimes and sex-trafficking venture[.]" (ECF 1, at 3.)

In addition to the AKC, Plaintiff names as Defendants: (1) Jack Norton and Marcus Bach, both AKC employees and North Carolina residents; (2) Karolynne McAteer, an AKC licensed judge and North Carolina resident; (3) Heather McManus, AKC Senior Legal Counsel and New York resident; (4) Dennis Sprung, AKC President and New York resident; (5) Gina DiNardo, AKC employee and New York resident; (6) Michael Liosis, AKC employee and New York resident; and (7) David Frei, an AKC licensed judge, whose residency is not identified in the complaint.[1] Plaintiff does not sue Gladstone, likely because he is deceased, or his estate.

## DISCUSSION

**A.    Transfer of all Claims Asserted in the Complaint**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants reside in North Carolina and in New York. (*See* ECF 1, at 15-19.) Thus, this District is not a proper venue under Section 1391(b)(1) because all defendants are not residents of New York. This District also is not a proper venue under Section 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims

---

[1] Plaintiff identifies the residency of all but one of the individual defendants in her complaint.

2

did not occur in a county within this District. Although Plaintiff expressly states that Gladstone, who is not a party, raped her in 1995 in New York City, the allegations in support of Plaintiff's claims against the Defendants in this action concern events that occurred in Carthage, North Carolina, which is located in Moore County. Thus, venue is not proper in this District under Section 1391(b)(2) but is proper in the Middle District of North Carolina.

Even if this district were a proper venue, the Court may transfer the action to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Carthage, North Carolina, where it is reasonable to expect that all relevant documents and witnesses would be found. Moreover, as Plaintiff indicates an investigation transpired in North Carolina, all records from that investigation would be located within the

Middle District of North Carolina. Finally, as Plaintiff does not reside in this District, her choice of forum is accorded less deference.

The Middle District of North Carolina appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Middle District of North Carolina. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## B.  Incidents That Occurred in New York City

In the background section of the complaint, Plaintiff alleges that in 1995, Gladstone raped her in New York City. She does not name a defendant in this action who she claims is liable for this alleged conduct. Rather, her claims against the named defendants, as discussed above, concern events that occurred in North Carolina. Thus, should Plaintiff want to pursue state law claims against new defendants concerning the 1995 alleged rape, she may do so in an amended complaint.[2]

---

[2] In New York, otherwise time-barred claims concerning "conduct which would constitute a sexual offense" were revived under the New York State Adult Survivors Act ("ASA"), N.Y. C.P.L.R. § 214-j. Such claims could be pursued as long as a plaintiff filed her complaint between the dates of November 24, 2022, and November 24, 2023. *See Levin v. Sarah Lawrence Coll.*, No. 23-CV-10236 (LJL), 2024 WL 4026966, at *7 (S.D.N.Y. Sept. 3, 2024). Plaintiff filed her complaint on November 22, 2023.

The ASA does not revive Plaintiff's TVPRA claims because these claims arise under federal law; the ASA only revives state law claims that arise under New York law. *See, e.g.*, *Levin*, 2024 WL 4026966, at *15 ("The ASA – as a state statute – cannot revive claims that are time-barred under a federal statute."). The TVPRA contains its own statute of limitations, which requires a plaintiff to file her claim within "ten years from the date 'the cause of action [arises].'" *Id.* (citing 18 U.S.C. § 1595(c) (alteration in the original)).

4

## C.    Diversity Jurisdiction

For the Court to exercise jurisdiction of Plaintiff's state law claims, she must establish that the Court has jurisdiction under the diversity statute by alleging that (1) she and the defendant(s) are citizens of different states, and (2) that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. 28 U.S.C. § 1332. Accordingly, should Plaintiff want to pursue her New York state law claims arising from the alleged events that occurred in New York City in 1995, she may file an amended complaint to assert those claims, within 60 days of the date of this order. The asserted claims must arise under New York law and be brought against defendants who do not reside in North Carolina and who may be found liable for the 1995 alleged events. Moreover, the amount in controversy must exceed $75,000.00. An amended complaint form is attached to this order.

**CONCLUSION**

The Court directs the Clerk of Court to transfer all claims asserted in the complaint to the United States District Court for the Middle District of North Carolina. A summons shall not issue from this court at this time. All named Defendants should be terminated from this action.

The Court grants Plaintiff 60 days' leave to file an amended complaint in this court, should Plaintiff intend to assert a New York state law claim, arising from the 1995 alleged events that occurred in New York County. An amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket. If Plaintiff does not file an amended complaint, the Court will dismiss the action without prejudice for failure to prosecute.

SO ORDERED.

 Dated:    October 4, 2024
               New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____

(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                                    (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                  (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                  Middle Initial       Last Name

_____

Street Address

_____

County, City                     State              Zip Code

_____

Telephone Number            Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State            Zip Code

Defendant 2:

First Name                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State            Zip Code

Defendant 3:

First Name                 Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                State            Zip Code

Defendant 4: _____
                First Name                Last Name

               _____
               Current Job Title (or other identifying information)

               _____
               Current Work Address (or other address where defendant may be served)

               _____
               County, City              State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                Plaintiff's Signature

_____
First Name                    Middle Initial          Last Name

_____
Street Address

_____
County, City                          State                    Zip Code

_____
Telephone Number                           Email Address (if available)


I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.